Ford v. Taggart.

---

## [492] FORD v. TAGGART.

Where the plaintiff sued the defendant for shooting his mules, and the defendant answered that the mules had broken into his inclosure, &c., the jury "found the damages to be equal, and that each party pay equal proportions of the costs incurred and go out of court:" *Held*, That the verdict was not responsive to the issue, and would not sustain a judgment. It is no defense to an action for shooting the plaintiff's cattle that they had broken into defendant's inclosure and were damaging his crop.

An omission to except cannot constitute a pleading which discloses no legal right the basis of an adjudication. Note 100.

Appeal from Cass. The appellant sued the appellee for a trespass alleged to have been committed by the latter in shooting certain mules belonging to the former, whereby he sustained damage, &c. The answer contained a general denial and the allegation of special matter of justification, to the effect that the mules of the plaintiff were mischievous; that one Harris, who had charge of them as overseer and agent of the plantation, in his absence from the country, drove the mules over the plantation of the defendant, and let down and injured his fence; that the said Harris authorized the defendant to shoot the mules should they do him any further injury; and that they did him further injury, &c., to his damage, &c.

The jury returned as their verdict that they "find the damages to be equal, and that each party pay equal proportions of the costs incurred and go out of court."

The plaintiff moved for a new trial, and assigned as causes, 1st, that the verdict was not responsive to the issue; 2d, that it was not such a finding as that the court could give judgment upon it.

This motion the court overruled, and gave judgment in pursuance of the verdict, and the plaintiff appealed.

*Everett*, for appellant. The verdict is not responsive to the issue.

*Rogers & Ferris*, for appellees.

I. Plaintiff claimed [493] damages for shooting three mules. Defendant

## Ford v. Taggard.

plead not guilty, and also plead specially, claiming damages for injury to defendant's crop. No motion was made by plaintiff to strike out defendant's plea or any part thereof. The verdict, therefore, was not irresponsive to the issue as presented to the jury.

II. Appellant cannot now except to the plea or pleas of appellee, for the Supreme Court has already decided (Hansborough *v.* Towns, 1 Tex. R., 58) that it is too late to object to defendant's plea in the Supreme Court, when such objection was not made and insisted upon in the court below.

III Under our system of pleading great province is given to the jury, particularly in cases of unliquidated damages. The judgment being in strict accordance with the verdict of the jury, was legally and correctly rendered.

WHEELER, J. It is difficult to conceive upon what ground a new trial was refused. That the verdict did not find any issue properly presented by the pleadings is quite too clear for argument; and that a verdict which does not find the issue is bad and will not support a judgment is a proposition too familiar to be questioned. The general denial put in issue the material facts alleged in the petition, and this was the only issue properly presented by the record. Instead of deciding this issue, the jury proceeded to determine matters of fact not committed to them for trial and matters of law which it appertained to the court to determine. They seem to have forgotten that theirs was the province, not of arbitrators, but of jurors. Their award, however it may have addressed itself to the sense of justice of the parties, did not constitute a legal verdict on which to rest the judgment of the court. The special matter pleaded in justification of the trespass presented an immaterial issue. The facts alleged constitute no defense to the action. It cannot be supposed that the agency committed to an overseer embraced the authority to license the defendant to destroy the property of his employer, or that the permission or instruction to that effect alleged to have [494] been given by him was within the scope of his legitimate authority as overseer. It would be equally preposterous to maintain that the defendant had the legal right to destroy the animals belonging to his neighbor, which may have broken into his inclosure. The law points out a very different mode of redress. (Acts of 1840, pp. 179, 180, sec. 2.)

If the defendant had protected his premises by a lawful inclosure, he would have been entitled to recover of the plaintiff satisfaction for the injury sustained. (Ib.) But there is no averment in the answer that the inclosure alleged to have been broken was a sufficient or lawful one.

There was no exception to the legal sufficiency of the answer; but we have heretofore decided that the omission to except cannot constitute a pleading which discloses no legal right the basis of an adjudication. (Borden *v.* Houston, 2 Tex. R.; Goodrich *v.* Patterson, 3 Tex. R.)

The judgment must be reversed and the cause remanded for further proceedings.

Judgment reversed.

NOTE 106.—Powell *v.* Davis, 19 T., 380.